# IN THE COURT OF APPEALS OF IOWA

No. 19-2119
Filed March 17, 2021

**LIME LOUNGE, LLC,**
　　　　Plaintiff-Appellant,

**VS.**

**STATE OF IOWA, ALCOHOLIC BEVERAGES DIVISION,**
　　　　Defendant-Appellee.
_____

　　　　Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg,

Judge.


　　　　Lime Lounge, LLC appeals the denial of its petition for judicial review.

**AFFIRMED.**


　　　　Cornelius S. Qualley of Qualley Law, P.L.C., Des Moines, for appellant.

　　　　Thomas J. Miller, Attorney General, and John R. Lundquist, Assistant

Attorney General, for appellee.


　　　　Considered by Bower, C.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

Lime Lounge, LLC appeals the denial of its petition for judicial review. Lime Lounge challenges the agency's decision that its bartender sold an alcoholic beverage to a person under the legal age. We find sufficient evidence to support the agency and affirm.

Lime Lounge holds a liquor license for its establishment in Des Moines. On April 30, 2016, Des Moines police issued a citation to Lime Lounge for selling an alcoholic beverage to a confidential informant (CI) who was under the legal age. *See* Iowa Code § 123.49(2)(h) (2016); *see also id.* § 123.3(28) (defining "legal age" as "twenty-one years of age or more"). The City of Des Moines thereafter filed a complaint with the Alcoholic Beverages Division seeking a civil penalty for the April 30 violation. *See id.* § 123.39(1)(b) (allowing the division to impose a civil penalty for violation of chapter 123). Following a hearing, an administrative law judge issued a proposed order finding Lime Lounge sold alcohol to a person under legal age and imposing a $500 civil penalty. Lime Lounge appealed to the division, and the administrator of the division affirmed the proposed order. Lime Lounge sought judicial review, and the district court affirmed the agency. Lime Lounge now appeals to us.

We review the district court's ruling on judicial review under the standards of Iowa Code chapter 17A. *See Bell Bros. Heating & Air Conditioning v. Gwinn*, 779 N.W.2d 193, 199 (Iowa 2010). Lime Lounge primarily asserts the agency action is not supported by substantial evidence. *See* Iowa Code § 17A.19(10)(f). "Substantial evidence" is "the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the

fact at issue." *Id.* § 17A.19(10)(f)(1). "Evidence is not insubstantial merely because different conclusions may be drawn from the evidence." *Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 845 (Iowa 2011). "Our task, therefore, is not to determine whether the evidence supports a different finding; rather, our task is to determine whether substantial evidence, viewing the record as a whole, supports the findings actually made."

In addition to hearing exhibits, the City of Des Moines presented testimony from Officer Mike Fong of the Des Moines police. According to this testimony, the twenty-year-old CI was instructed to order a vodka and Sprite.[1] Officer Fong watched the CI approach Lime Lounge's bartender and place an order on the night in question. Although acknowledging he could not hear the conversation between the CI and the bartender, he observed the CI speaking to the bartender and then watched the bartender pour liquid from a vodka bottle and a clear soda pop into a cup and serve the mixed beverage to the CI.

The agency found Officer Fong's testimony credible. While Lime Lounge alleges several irregularities and inaccuracies in his testimony and the police report, credibility determinations "are within the domain of the [agency] as trier of fact." *Pease*, 807 N.W.2d at 847. Lime Lounge also faults the police for neglecting to analyze the beverage served to the CI to verify it contained enough alcohol to qualify as an "alcoholic beverage." *See* Iowa Code § 123.3(4) (defining "alcoholic beverage" as "containing more than one-half of one percent of alcohol by volume"). Considering Officer Fong's testimony that the CI ordered a vodka and Sprite and

---

[1] Testimony established the same CI had been used numerous times prior to the event at Lime Lounge and the CI had always done as instructed.

the bartender then poured from a vodka bottle in preparing the CI's beverage, it is a fair and reasonable inference that an establishment in the business of serving alcoholic beverages to customers served an alcoholic beverage to the CI on that night.  *See State v. Meyers*, 799 N.W.2d 132, 138 (Iowa 2011) (stating that, when reviewing for substantial evidence, "[w]e draw all fair and reasonable inferences that may be deduced from the evidence in the record").

We find Officer Fong's testimony, with the accompanying hearing exhibits, is sufficient evidence to support the agency's finding that Lime Lounge sold alcohol to a person under the legal age.  We otherwise find no violation of the standards of chapter 17A and affirm.

**AFFIRMED.**